# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| IN THE ESTATE OF DAVID BUTTERS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:08CV55 JCH |
| DAVID H. ASH, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Upon review of the motions, the Court finds that the complaint should be dismissed.

### Background

Plaintiffs Richard Butters, a prisoner, and his wife, Arlene Butters, purport to bring this action on behalf of the "Estate of David Butters" and themselves. Defendants are David Ash (Circuit Court Judge), the Pike County Probate Court, the McIlroy & Millan Law Firm, Nina Long (Public Administrator), and Community State Bank. The complaint seeks monetary, injunctive, and declaratory relief.

Plaintiffs allege that defendants mismanaged the settlement and distribution of the estate of David Butters; plaintiffs claim to be heirs to the estate. Plaintiffs say that defendant Ash had a conflict of interest and should not have presided over the distribution of the estate. Plaintiffs state that defendant Long sold property of the estate at an auction and that the property was sold for too little money. Plaintiffs generally allege that all of the defendants engaged in a conspiracy to deprive the heirs of the estate of the actual value thereof.

## Standard

1. Rule 12(b)(1)

"[J]urisdiction is a threshold question, [and] judicial economy demands that the issue be decided at the outset [of the case]." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quotation and citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn, 918 F.2d at 729.

Article III has three standing requirements: (1) an actual or threatened injury; (2) that injury is fairly traceable to the defendants's conduct; and (3) there is sufficient likelihood that a favorable decision on the merits will redress the injury. E.g., Allen v. Wright, 468 U.S. 737, 751 (1984). Additionally, the United States Supreme Court has formulated "prudential" standing requirements, the most important of which generally requires the plaintiff to assert his or her own rights and not the right of a third party. See Warth v. Seldin, 422 U.S. 490, 498 (1975).

2. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — S.Ct. —, 2009 WL 1361536 *12 (U.S. May 18, 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-70 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Id. at *13, 14. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at *13. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at *14. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at *13, 15.

    3.    Title 28 U.S.C. § 1915A

Because plaintiff Richard Butters is a prisoner and defendants include government officials, the complaint is subject to scrutiny pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court may dismiss a complaint at any time if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted."

**Discussion**

1. <u>Claims Brought on Behalf of the Estate of David Butters</u>

Plaintiffs do not have standing to bring claims on behalf of a third party, such as the estate. See <u>Warth</u>, 422 U.S. at 498. As a result, the claims brought on behalf of the estate will be dismissed for lack of jurisdiction.

Even if plaintiffs were to have standing to bring claims on behalf of the estate, the Court would still dismiss those claims. Title 28 U.S.C. § 1654 states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Because plaintiffs are non-lawyers, they may not bring an action on behalf of another entity in federal Court. As a result, the claims brought on behalf of the estate are not properly before the Court.

3. <u>Claims Brought on Behalf of Plaintiffs Arlene and Richard Butters</u>

A. *Claims Against Defendant Ash*

The complaint is legally frivolous as to defendant Ash because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" <u>Penn v. United States</u>, 335 F.3d 786, 789 (8th Cir. 2003) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991)). As a result, the claims against Ash will be dismissed pursuant to 28 U.S.C. § 1915A.

B.   *Claims Against the Pike County Probate Court*

"[C]ourts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment. A court is not a 'person' within the meaning of the Civil Rights Act." Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986) (citation omitted). As a result, the claims against the Pike County Probate Court will be dismissed pursuant to 28 U.S.C. § 1915A.

C.   *Claims Against Defendant Long*

Defendant Long is the elected public administrator of Pike County and was appointed by the probate court as personal representative of the Estate of David Butters.

Plaintiffs' primary allegations against Long are that Long sold several items of the estate for less than fair market value. Plaintiffs also allege that Long refused to allow plaintiff Arlene Butters to view a mortgage contract, and plaintiffs allege that Long was engaged in a conspiracy to deprive plaintiffs of their property.

I.   Section 1983 Claims

To the extent that plaintiffs are attempting to claim that Long deprived the estate of property by selling it off for less than fair market value, plaintiffs lack standing to bring suit. See Warth, 422 U.S. at 498.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiffs have failed to state a prima facie case under § 1983 against Long because the allegations do not rise to the level of a constitutional violation.

"It is well settled that officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process.'" Dornheim v. Sholes, 430 F.3d 919, 925 (8th Cir.2005) (citation omitted) (finding that a guardian ad litem was entitled to absolute immunity from a mother's § 1983 suit arising out of child custody proceedings); see Morstad v. Dep't of Corr. and Rehab., 147 F.3d 741, 744 (8th Cir.1998) (holding that a court-appointed psychiatrist "enjoyed absolute immunity for the testimony and reports . . . submitted to the court"). Long was performing duties that are integral to the judicial process of the probate court at all times relevant to the complaint. As a result, Long is entitled to absolute immunity.

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See

Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). The allegations in the complaint regarding a conspiracy between the defendants are conclusory and are insufficient to withstand a motion to dismiss.

    ii.  State Law Claims

Plaintiffs allege that Long is guilty of state law conversion because she sold property of the estate for less than fair market value. As is stated above, plaintiffs lack standing to bring claims on behalf of the estate.

Additionally, plaintiffs' official capacity claims against Long are barred by the doctrines of sovereign immunity and official immunity. See Betts-Lucas v. Hartmann, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002). As a result, plaintiffs' state law claims against Long must be dismissed.

   D. *Claims Against McIlroy & Millan Law Firm*

Plaintiffs' allegations against McIlroy & Millan are vague and conclusory. Plaintiffs allege that defendant Ash was previously associated with the firm and that defendant Long is represented by the firm. Liberally construed, plaintiffs appear to be alleging that McIlroy & Millan engaged in a conspiracy with the other defendants to violate their rights.

Plaintiffs' conspiracy claims against McIlroy & Millan fail to state a claim for the same reasons that their conspiracy claims failed as to defendant Long. As a result,

plaintiffs' claims against McIlroy & Millan must be dismissed for failure to state a claim.

E.  *Claims Against Community State Bank*

Plaintiffs' only allegations against Community State Bank are that the Bank was associated with debt owed by the estate. As is stated above, plaintiffs lack standing to bring claims on behalf of the estate. To the extent that plaintiffs are attempting to allege that the Bank engaged in a conspiracy, those claims fail for the same reasons as the conspiracy claims against Long.

**Conclusion**

Plaintiffs lack standing to bring claims on behalf of the Estate of David Butters. And plaintiffs have failed to state a plausible claim for relief under Iqbal as to their claims that defendants violated their rights. As a result, the complaint must be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

Accordingly

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [Docs. 13, 17, 28] are **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

And Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th Day of May, 2009.

                                          /s/ Jean C. Hamilton
                                          JEAN C. HAMILTON
                                          UNITED STATES DISTRICT JUDGE